**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **HUAWEI TECHNOLOGIES CO., LTD.,** <br><br><br> **Plaintiff,** <br><br> **v.** <br><br> **MOTOROLA, INC., MOTOROLA SOLUTIONS, INC., MOTOROLA MOBILITY HOLDINGS, INC., NOKIA SIEMENS NETWORKS US, LLC** AND **NOKIA SIEMENS NETWORKS B.V.** <br><br> **Defendants** | **Case No.:  1:11-cv-00497** <br><br><br> **Hon. Sharon Johnson Coleman** |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order amends and replaces the Memorandum Opinion and Order dated January 27, 2011 and entered as Docket No. 42.

Plaintiff Huawei Technologies Co., Ltd. ("Huawei") filed a complaint against Defendants Motorola, Inc., Motorola Solutions, Inc., Motorola Mobility Holdings, Inc. (collectively "Motorola"). The complaint also names Nokia Siemens Networks US LLC and Nokia Siemens Networks B.V. (collectively "NSN") as Defendants and asserts claims for misappropriation of trade secrets, copyright infringement, and breach of contract.[1] Huawei filed a motion for a temporary restraining order ("TRO") requiring Motorola to give Huawei and the Court at least five days notice before closing a pending transaction between Motorola and NSN. Huawei also sought a preliminary injunction seeking to enjoin Motorola from disclosing Huawei's

---

[1] This Court has jurisdiction pursuant to 9 U.S.C. § 203 and 28 U.S.C. §§ 1331, 1332, and 1367.

confidential information to NSN. A hearing was held on January 25, 2011 and the Court granted in part and denied in part Huawei's request for a TRO. This Memorandum Opinion sets forth the contents and scope of the Court's January 25, 2011 Order pursuant to FED. R. CIV. P. 65(d).

## BACKGROUND

Huawei and Motorola are both major providers in the telecommunications products and services industry. The companies entered into a series of agreements beginning in 2000 under which Huawei would develop, design, and implement new optimized technologies for cellular communications networks and then sell those technologies and other Huawei products to Motorola. Motorola would then resell the technologies and products under the Motorola brand. The technologies Huawei developed and provided to Motorola under the various agreements include: Global Systems for Mobile ("GSM") communications products, Radio Network Controller ("RNC") products, and Universal Mobile Telecommunications Systems ("UMTS") products. The agreements required Motorola to protect Huawei's confidential information and prohibited Motorola from disclosing Huawei's confidential information to third-parties. Dispute resolution provisions in the agreements provided that all disputes relating to the agreements be resolved through arbitration before a Tribunal of the International Chamber of Commerce in Geneva, Switzerland.

NSN is a joint venture formed between business units of Nokia Corporation of Finland and Siemens AG of Germany. NSN sells mobile infrastructure hardware and service agreements to carrier companies and is a direct competitor to Huawei. In July 2010, NSN announced its intention to purchase Motorola's wireless network infrastructure assets. Under the Motorola/NSN transaction, NSN would acquire Motorola's business in designing, developing, selling, and servicing GSM, UMTS, and other products. NSN's product portfolio includes

products that compete directly with the products Huawei currently provides to Motorola under the agreements.

Motorola notified Huawei of the existence of the pending Motorola/NSN transaction and requested Huawei's consent to Motorola's assignment to NSN of 13 agreements between Motorola and NSN. The agreements require Huawei's consent before an assignment to any third-party. Motorola indicated that Huawei's confidential information would be disclosed to NSN as part of any assignment to NSN. Consequently, Huawei declined to consent to the assignments. Motorola proposed measures it considered would be appropriate to satisfy its confidentiality obligations under the agreements should the agreements be assigned to NSN. Huawei alleges these measures are insufficient to safeguard its confidential information and would actually facilitate the disclosure of its confidential information to a direct competitor.

Huawei and Motorola have been conferring in an attempt to resolve their dispute. Huawei believes that Motorola may have already disclosed confidential information to NSN and that the parties will need to submit their dispute to arbitration. Huawei filed the instant suit and the accompanying motions for a temporary restraining order and a protective order in an attempt to maintain the status quo so that the arbitration would not be rendered futile.

**LEGAL STANDARD**

A party seeking a preliminary injunction or temporary restraining order must demonstrate that (1) its claim has some likelihood of success on the merits; (2) traditional legal remedies would be inadequate; and (3) absent injunctive relief, it will suffer irreparable harm in the period prior to final resolution of its claims. *Girl Scouts of Manitou Council v. Girl Scouts of the United States of America, Inc.*, 549 F.3d 1079, 1085 (7th Cir. 2008). If the moving party satisfies these

threshold requirements, the Court must balance the threatened injury to the moving party with the threatened harm the injunctive relief may inflict on the non-moving party. *Id*. The Court also must consider the public interest in either the grant or the denial of the injunctive relief. *Id*. In apply this criteria, the Court uses a "sliding scale" approach: if a claim is very likely to succeed on the merits, less harm to the plaintiff will be required to justify injunctive relief and vice versa. *Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 12 (7th Cir. 1992).

## DISCUSSION

The Court heard oral argument from Motorola and Huawei at the January 25, 2011 hearing. Huawei argued that it provided Motorola with confidential information throughout the parties' ten year business relationship. Huawei informed the Court that it has refused to consent to the disclosure of its confidential information to NSN because to do so would irreparably harm Huawei by placing its trade secrets and other confidential information in the hands of its chief competitor. Huawei claimed that the parties contemplated the arbitration of their dispute in Switzerland at a date uncertain. This arbitration would determine the rights of the parties as it relates to the disclosure of Huawei's confidential information. Huawei stated its concern that if Motorola was allowed to provide NSN with Huawei confidential information before the arbitration, then the arbitration would be rendered meaningless. Huawei emphasized that the Motorola/NSN transaction had been approved by the appropriate regulatory bodies of the United States and the European Union and that approval by the Ministry of Commerce of the People's Republic of China ("MOFCOM") was pending. Once MOFCOM approved the transaction, then Motorola and NSN would be free to close the transaction. Huawei asked the Court to order Motorola to provide Huawei and the Court with five days notice prior to the closing of the transaction so that Huawei could act to prevent the disclosure of any of its trade secrets to its

chief competitor NSN.

Motorola strongly objected to Huawei's request for a TRO and argued that Huawei's request was simply a pretext for Huawei's actual intent of preventing the Motorola/NSN transaction from closing. Motorola conceded that it had access to Huawei's trade secrets and confidential information and that NSN is a Huawei competitor. Motorola admitted that it attempted to obtain Huawei's consent to transfer certain confidential information to NSN as part of the Motorola/NSN transaction but that Huawei refused to consent to the disclosure. Motorola informed the Court that it could not guarantee that it would be able to provide Huawei with the requested notice because it did not know when MOFCOM would approve the transaction.

To prevail on its motion for injunctive relief, Huawei must show that its chances of prevailing are "better than negligible." *Meridian Mut. Ins. Co. v. Meridian Ins. Group*, 128 F.3d 1111, 1114 (7th Cir. 1997). Huawei has met this threshold here. It is undisputed that Motorola has access to Huawei's confidential information, that it sought Huawei's consent to transfer to NSN contract rights that may have included access to that information, and that this consent was not granted. It is also undisputed that Huawei and NSN are direct competitors. Motorola has not contradicted Huawei's contentions that at least some of the Huawei information it holds is confidential and that its disclosure to a direct competitor would cause harm that could not be remedied afterward. These undisputed facts comprise the necessary showing that Huawei has a reasonable probability of succeeding in its underlying claim to prevent disclosure of its confidential information.

Motorola's primary focus in its opposition to Huawei's motion is the burden imposed by the granting of such a restraining order. Motorola emphasizes the significance of the proposed Motorola/NSN transaction and argues that Huawei's request for relief here is merely an

improper attempt to block that transaction. But this Court makes no determination as to whether the Motorola/NSN transaction requires Motorola to disclose Huawei's confidential information to NSN or whether the transaction may proceed. This Court's order seeks only to preserve the status quo regarding possession and disclosure of Huawei's confidential information pending a more detailed review of that issue by this Court or by the Switzerland arbitration tribunal. Because no damage to Motorola is readily apparent from an order merely requiring its compliance with undisputed contractual obligations, this Court rejects its contention that Huawei should be required to post a bond as security for damages which might be caused by this order's wrongful restraint.

## CONCLUSION

Huawei's motion for a temporary restraining order has been granted in part and denied in part. Motorola is ordered not to disclose any of Huawei's confidential information to NSN without Huawei's consent. Motorola is also ordered to provide this Court and Huawei with notice of any decision by MOFCOM concerning the pending transaction between Motorola and NSN. Such notice should be received by Huawei and the Court within 24 hours of Motorola's receipt of any MOFCOM decision.


IT IS SO ORDERED


DATED:  February 10, 2011                    By:_____

                                             The Honorable Sharon Johnson Coleman
                                             United States District Court Judge