IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> MOTOROLA, INC., MOTOROLA SOLUTIONS, INC., MOTOROLA MOBILITY HOLDINGS, INC., NOKIA SIEMENS NETWORKS US, LLC AND NOKIA SIEMENS NETWORKS B.V. <br><br> Defendants | Case No.: 1:11-cv-00497 <br><br> Hon. Sharon Johnson Coleman |

## HUAWEI'S SUBMISSION IN RESPONSE TO THE DECLARATION OF KRISTIAN KUHN

## I. HUAWEI HAS NOT DISCLOSED THE TRADE SECRETS AND CONFIDENTIAL INFORMATION AT ISSUE IN THIS CASE TO NSN.

Motorola argues that the Declaration of Kristian Kuhn ("Kuhn Decl.") shows that Huawei already provides the Confidential Information at issue in this lawsuit to NSN. Hearing Tr. at 38:12-13.



---

[1] The "Wu Decl." refers to the Declaration of Wu Haibin in Support of Plaintiff Huawei Technologies Co., Ltd.'s Motion for Preliminary Injunction and in Response to Declaration of Kristian Kuhn.

[2] "Nextel" refers to third party NII Holdings, Inc./Nextel.

[3] "Hearing Tr." refers to the transcript of the February 11 and February 14 hearing on Huawei's motion for preliminary injunction, cited excerpts of which are attached hereto as Exhibit 1.

From the very beginning of this lawsuit, Huawei has asked the Court to preliminarily enjoin Motorola from transferring to NSN *Vendor Information* necessary for a vendor (such as Huawei) or an OEM Partner standing in the shoes of a vendor (such as Motorola) to perform maintenance and technical support on Huawei equipment. In Huawei's opening memorandum in support of this preliminary injunction, Huawei explained that:

> To ensure that *Motorola* could *service its customers* and *repair and maintain* the equipment provided to it by Huawei, the agreements between the companies contemplate that Huawei must provide Motorola with extensive highly confidential information, which Motorola may not disclose to any third party.

Dkt. No. 21 ("Op. Mem.") at 1 (emphases added). Huawei then gave the Court clear examples of the types of Vendor Information it was seeking to protect, based on detailed and unrebutted declaration evidence showing its transmission to Motorola. Each category encompassed the type of confidential information that a vendor or an OEM provider, but not a customer, typically receives and uses. For example, Huawei stated that it was seeking an injunction to protect:





3

Huawei is seeking to protect this confidential Vendor Information in the hands of Motorola because, far more than the Customer Information described by Kuhn, this is precisely the kind of information that can cause great harm to Huawei if it fell into the hands of a competitor. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

[redacted]





6



7

█████████████████████████████
█████████████████████████████
█████████████████████████████
█████████████████████████████
█████████████████████████████
███████████████████
█████████████████████████████

████████████████ As set forth in Huawei's unrebutted opening declarations, Huawei would not purposefully disclose that information to NSN because it would cause Huawei competitive harm. Ms. Kuhn's declaration does not support Motorola's claim that this is the "[s]ame stuff" and that "Huawei already provides this information to NSN." Hearing Tr. at 38:1, 12-13. Indeed, *Motorola fails to point to a single one* of the many specific documents that Huawei submitted with its opening papers as being in NSN's hands, relying instead on the category labels in the Kuhn Declaration to create a false impression of overlap, but without attaching actual evidence.

II. **HUAWEI IS ENTITLED TO AN INJUNCTION TO PRESERVE ITS CONTRACTUAL RIGHT TO ARBITRATION OF ITS DISPUTE WITH MOTOROLA**

█████████████████████████████
█████████████████████████████

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
████████

8



To deny an interim injunction would allow Motorola to provide the Huawei Confidential Information now in its possession to NSN, which would alter the current situation and frustrate any future effort to adjudicate the dispute in the arbitration proceeding. The Court should grant an injunction to preserve the status quo and to preserve the arbitration panel's ability to adjudicate the parties' dispute.

### III. CONCLUSION

For the foregoing reasons, Huawei respectfully requests that this Court grant its motion for preliminary injunction. As set forth in the [Proposed] Order Entering Preliminary Injunction

---

[7] The RCA Agreement is attached as Exhibits 1 and 2 to the Declaration of Yang Dianyao.

[8] The JRDC Agreement is attached as Exhibit 3 to the Declaration of Yang Dianyao.

that Huawei is also submitting, the injunction as to NSN would specifically be worded so as not to affect any information that NSN receives pursuant to a managed services agreement with a Huawei customer (i.e., Customer Information), provided that use of such information comports with the applicable agreements, including any non-disclosure agreement and any use restrictions relating to such information.

DATED: February 15, 2011

Respectfully Submitted,

By: /s/ Robert T. Haslam

Robert T. Haslam (Ill. ID No. 71134)
Stanley Young (*pro hac vice*)
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
T: (650) 632-4700
F: (650) 632-4800

Samuel F. Ernst (*pro hac vice*)
Christmas Martiniak (*pro hac vice*)
Dale A. Rice (*pro hac vice*)
Nathan E. Shafroth (*pro hac vice*)
Robert Williams (Ill. ID No. 247428)
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111
T: (415) 591-6000
F: (415) 591-6091

H. Michael Hartmann (IL # 1146130)
David M. Airan (IL # 6215687)
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza, Suite 4900
Chicago, IL 60601
T: (312) 616-5600
F: (312) 616-5700

*Attorneys for Plaintiff
Huawei Technologies, Co., Ltd.*

## CERTIFICATE OF SERVICE

I, Robert T. Haslam, an attorney, do hereby certify that I electronically filed **_HUAWEI'S SUBMISSION IN RESPONSE TO THE DECLARATION OF KRISTIAN KUHN_** on February 15, 2011 with the Clerk of the Court using the electronic case filing system, and also served the sealed documents to all interested parties via electronic transmission.

By: /s/ *Robert T. Haslam*
Robert T. Haslam